## ANNIS T. C. LAKIN *vs.* LOUISA LAKIN.

In this commonwealth, a woman is not barred of her right to dower by leaving her husband and living with an adulterer.

ACTION by the widow of Benjamin Lakin against his executrix to recover one half part of certain land left by him.

At the trial in the superior court, it appeared that the demandant and Benjamin Lakin were married, and lived together till 1838, when they separated; and the tenant offered evidence to show that after that time the demandant married John Lewis, and lived with him as his wife; and the demandant offered

evidence to prove that after that time the tenant married Benjamin Lakin, and lived with him as his wife until his death. But *Lord,* J. ruled that all this evidence was incompetent, without further proof that the fact of the demandant's adultery had been judicially determined during the lifetime of Benjamin Lakin; and a verdict was returned for the demandant. And the case was thereupon reported to this court, with the agreement that, if the demandant is entitled to recover, the case should be sent to an assessor to assess damages; and if she is entitled to recover only one third of the premises, the verdict should be amended accordingly.

*B. F. Butler & N. St. J. Green,* for the demandant.

*B. F. C. Cressy,* for the tenant.

CHAPMAN, J. The question has been discussed whether the statute of Westminster 2, (13 Ed. 1,) c. 34, ever was adopted as a part of the law of this commonwealth. This statute provides that, if a wife willingly leaves her husband, and continues with an adulterer, she shall be barred of her action to demand dower, unless the husband willingly and without coercion of the church reconcile her, and suffer her to dwell with him; in which case she shall be restored to her action. The authorities seem to indicate that the provisions of this statute have been in force in this commonwealth. 4 Dane Ab. 676. 1 Cruise Dig. (Greenl. ed.) tit. 6, c. 4, § 4, note 2. 1 Washburn on Real Prop. 196.

But the question has never been thoroughly discussed in our judicial tribunals; and there are strong arguments, growing out of our colonial and provincial legislation in respect to dower, adultery and divorce, and also out of the other circumstances of the colony, which show that its adoption here was not in conformity with the condition and habits of our people. But it is not necessary to state them, as the court are of opinion that our Revised Statutes, chapters 60, 76, 77, and 102, contain such a general revision of the whole law of dower that we must look to them alone for the cases in which dower is barred, and the modes of creating the bar. In *c.* 60, § 1, it is provided that " every woman shall be entitled to her dower at common law, in the lands of her husband, to be assigned to her after his decease, unless she

is lawfully barred thereof"; and § 2 makes provision for dower in an equity of redemption. Subsequent sections authorize judges of probate to assign dower, and prescribe the methods by which dower may be barred by deed or jointure; exclude her from dower in wild lands, with certain specified exceptions; provide for a new endowment in case she is evicted from the land first assigned to her; and extend the right of dower to land, in which the husband had a term of one hundred years or more. It is provided in *c.* 76, § 32, that "when a divorce shall be decreed for the cause of adultery committed by the husband, or on account of his being sentenced to confinement to hard labor," (as provided in § 5,) "the wife shall be entitled to her dower in his lands in the same manner as if he were dead; but she shall not be entitled to dower in any other case of divorce from the bond of matrimony. A divorce from bed and board shall not bar her claim to dower." As this chapter, in § 5, authorizes the husband to procure a divorce from the bond of matrimony for the cause of the wife's adultery, he may thus bar her right of dower by virtue of these two sections if he chooses to do so. This provision is much like that of the Revised Statutes of New York; 4 Kent Com. (6th ed.) 53; and is preferable to the provisions of the English law. By the common law, the wife's adultery was not a bar, nor was it a cause of divorce from the bonds of matrimony; so that her mere adultery could not be made a bar by means of a divorce. And the statute of Westminster required a voluntary residence away from her husband with an adulterer, to constitute a bar. But by our statutes, if she is simply guilty of adultery, the husband may procure a divorce, and thus bar her dower; or, if he sees fit, he may omit to do anything, and leave her right unimpaired.

Lands in which women have a right of dower so frequently pass into the hands of strangers to the family, either by sale or by levy, that it would operate harshly to allow the proprietors who had bought the land subject to the incumbrance to set up such a defence, and bring to public investigation scandals which those most interested had preferred to bury, or to pass unnoticed. And again; as by the statute of Westminster 2 the right to

dower was restored if the husband became reconciled to his wife, the provisions of that act, if in force here, would enable a husband, who should make sale of the land while his wife was living separate from him in adultery, so that her dower was forfeited, to restore her right again after the land had passed into the hands of an innocent purchaser, and thus do him a wrong; or at the least, it would leave the title subject to uncertainty and embarrassment, which is contrary to the policy of the law. In the present case, each of the parties proposes to institute inquiries in respect to the other, and the deceased husband, that would involve them all in great scandal; and it is well that our statutes have made such inquiries immaterial and irrelevant.

The plaintiff has not brought herself within the provisions of St. 1854, chapters 406, 428, so as to be entitled to half the land; because the husband left a will devising the property, and it does not appear that the plaintiff has made such a waiver as to avoid the effect of the will, even if by waiver she could avoid it. Judgment must be rendered in her favor for one third of the premises only; and, according to the agreement of the parties, an assessor is to be appointed to find damages for the detention of the land.